# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHLEEN WEIAND,**

    Plaintiff,

-vs-                            Case No. 15-C-1203

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## DECISION AND ORDER

The Defendant, Acting Commissioner of the Social Security Administration, Carolyn W. Colvin, filed a motion to dismiss for failure to state a claim contending that pro se Plaintiff Kathleen Weiand's appeal from the denial of her applications for social security disability benefits and supplemental security income is barred by the time limitation for filing such an action. (ECF No. 13.) Weiand has responded, stating that she "is very lost and confused . . . I have received so much paperwork . . . I do not believe I have missed any deadlines." (ECF No. 14.)

Federal civil actions brought to review a final decision of the Commissioner of Social Security are subject to a 60-day statute of limitations. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . to which [s]he was a party . . . may obtain a review of such

decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner . . . may allow."); 42 U.S.C. § 1383(c)(3); *see also Bowen v. City of New York,* 476 U.S. 467, 479-81 (1986). The 60-day requirement is not jurisdictional and is subject to equitable tolling. *See Bowen,* 476 U.S. at 481.

Regulations provide that "the date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). A party may seek an extension of time to file an action in Federal court, but that written request must be filed with and granted by the Appeals Council first in order to extend the deadline. *See* 20 C.F.R. §§ 404.982; 416.1482.[1] In certain rare circumstances, equitable tolling can excuse a late filing but only when the plaintiff can show: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Because the Appeals Council Notice is dated Wednesday, July 29, 2015, Weiand is presumed to have received the notice on Monday, August 3, 2015. Based on that date, Weiand had to file her action in federal court no later

---

[1] The time period will only be extended by the Appeals Council if good cause to do so has been shown by the plaintiff. *See* 20 C.F.R.§§ 404.911, 416.1481.

than Friday October 2, 2015. The Commissioner contends that Weiand's action is untimely because it was not filed until October 9, 2015, a week after the filing deadline.

However, the following papers filed in this case raise questions about the path to its filing: (1) a form certifying that Weiand mailed her "Appeal, Remand, decisions for Disability and SSI" to the United States Attorney's Office for this District on September 23, 2015 (ECF No. 1-7.) (The form states "[t]his form may be used to certify that documents, other than the complaint, have been served."); (2) the original paper Complaint filed with the Clerk of Court, which bears a September 24, 2015, "received" stamp of the U.S. Attorney's Office,[2] (ECF No. 1); (3) a letter from the United States Department of Education, also stamped "received" by the U.S. Attorney's Office on September 24 (ECF No. 1-5); and (4) an envelope (paper copy only) from Weiand postmarked September 23, addressed to the United States Attorney's Office, with a post-it note attached stating, "Clerk of Courts? Original DOCS."

It appears that Weiand mailed her Complaint form and paperwork to the U.S. Attorney's Office, where it was received on September 24, 2015; and it was then forwarded by that office to the Clerk of Court for the Eastern District of Wisconsin, where it was received and filed on October 9, 2015.

---

[2] This is not readable on the electronic copy of the Complaint.

The Court also takes judicial notice of court records disclosing that on September 14, 2015, Weiand filed a motion for an extension of time to file her social security disability appeal so she could find an attorney, and she requested any forms she needed to complete for an extension of time and the appeal. *See In re: Weiand*, No. 15-MC-48 (the "MC action") (ECF No. 1.) The Clerk of Court sent her Social Security appeal forms and instructions on September 17. (*See* MC action docket.) On September 24, Judge Stadtmueller issued an order denying the motion and informing Weiand she needed to either initiate an appeal of the Commissioner's decision within 60 days of its receipt. Judge Stadtmueller suggested that if she was concerned about timeliness, she should file the action pro se and continue looking for an attorney, or request an extension of time from the Commissioner. (MC action, ECF No. 2.) He also indicated that if she missed the filing deadline she could commence the action and seek an equitable tolling of the limitations period. *Id*.

In addition, the Court notes that the ALJ's decision (for which Weiand seeks review) found that Weiand has severe impairments of fibromyalgia, chronic pain, depression, and anxiety and non-exertional limitations in concentration, persistence, and pace and social demands. (ECF No. 1-2.)

The facts drawn from court records raise questions of equitable tolling

and/or equitable estoppel[3] to which the Court cannot turn a blind eye. *See Socha v. Pollard,* 621 F.3d 667, 673 (7th Cir. 2010.) (Stating that the district court should keep in mind the flexibility that is often appropriate for pro se litigants, who are likely not well versed in complex procedural rules.) *See also Socha v. Boughton,* 763 F.3d 674, 688 (7th Cir. 2014) (holding that under the circumstances of that case the limitations period was tolled).

The Court also notes that the Commissioner proffered a declaration and attached exhibits in support of her motion, but she did not comply with the requirements of Civil L.R. 56(a) (E.D. Wis.) made applicable if a party is unrepresented by counsel and the opposing party files motion to dismiss for failure to state a claim where matters outside the pleadings are presented to the Court. Therefore, the Commissioner must supplement her motion and augment her brief to address the questions raised by this decision and order. Weiand may also file a response thereto.

Although Weiand has filed her brief on the merits of her appeal (ECF

---

[3] The doctrine of equitable estoppel is based on the principle of fairness and is used to prevent a party from being harmed as a result of actions taken in reasonable reliance of another's assertions. *Matamoros v. Grams,* 706 F.3d 783, 793 (7th Cir. 2013) A plaintiff must satisfy four elements to demonstrate why equitable estoppel should be applied against a party: (1) the party to be estopped knows the facts; (2) that party intended for his conduct to be acted upon or acted in such a manner that the party asserting estoppel had a right to believe he intended as such; (3) the party asserting estoppel was ignorant of the facts; and (4) the party asserting estoppel reasonably relied on the other's conduct to his substantial injury. *Id.* (citations omitte*d.)* A party advancing an argument involving estoppel against the government must additionally demonstrate some "affirmative misconduct." *Id.* (Citation omitted.)

- 5 -

No. 15), the remaining dates set by the October 23, 2015, briefing schedule (ECF No. 6) are stayed until further order of the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before March 28, 2016,** the Commissioner must file a supplemental motion and brief addressing the questions raised by this decision and order;

Weiand may file a response on or before **April 28, 2016;**

The Commissioner may file a reply on or before **May 13, 2016,** and

The remaining dates set by October 23, 2015, briefing letter are **STAYED** until further order by the Court; and

The Clerk of Court is directed to attach to this decision and order a scanned copy of the envelope with the attached note that accompanied Weiand's Complaint, and newly scanned copies of the Complaint (ECF No. 1) and the letter from the United States Department of Education (ECF No. 1-5) so that the received stamps are readable.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2016.

> **BY THE COURT:**
>
> *Rudolph T. Randa*
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**

Kathleen Weiand
1814 N. 11th St.
Sheboygan, WI 53081

Clerk of
Courts?
Original
DOBS
=

THE UNITED STATES ATTORNEY
530 Federal Courthouse
517 E. Wisconsin Ave
Milwaukee, WI 53202

First Class

U.S. POSTAGE
PAID
SHEBOYGAN, WI
53081
SEP 23, 15
AMOUNT
$2.08
R2304E104747-07

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2015 OCT -9 P 2:03
JON W. SANFILIPPO
CLERK

Kathleen Ann Weiand

Plaintiff: your full name and the full name of any person on whose behalf you are filing this case; **use initials instead of the full name for a child under age 18.**

v.

Case No. 15-C-1203
(supplied by Clerk after case is filed)

**Commissioner of the Social Security Administration,**
Defendant.

## COMPLAINT FOR REVIEW OF A FINAL DECISION BY THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION

### I. Parties

A. Plaintiff (your name): Kathleen A Weiand

If you are filing this case on behalf of someone else, include that person's full name and relationship to you. Use initials instead of the full name for a child under age 18.

B. The Social Security Number used by the Social Security Administration in this case:
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

C. Your mailing address, including the county where you reside, and phone number (with area code):
1814 N. 11th Street
Sheboygan, WI 53081    920 918-3252

D. Defendant:
**Commissioner of the Social Security Administration**
c/o Office of General Counsel, SSA
200 W. Adams Street, 30th Floor
Chicago, Illinois 60606-5208

May 11, 2015





>00765 5280866 001 008187

KATHLEEN WEIAND
1814 N 11TH STREET
SHEBOYGAN, WI 53081



Account Number: 156040

Dear KATHLEEN WEIAND:

As we informed you in a previous letter, the U.S. Department of Education (the Department) discharged your William D. Ford Federal Direct Loan (Direct Loan) Program loan, Federal Family Education Loan (FFEL) Program loan, Federal Perkins Loan (Perkins Loan) Program loan, and/or your Teacher Education Assistance for College and Higher Education (TEACH) Grant Program service obligation due to your total and permanent disability. Throughout this letter, we use the term "loan" to refer to one or more loans. In addition, we use the terms "you" and "your" to refer to the disabled individual who received a discharge, KATHLEEN WEIAND.

Nelnet assists the Department in administering the TPD discharge process, and we have been communicating with you on behalf of the Department concerning your discharge request.

A post-discharge monitoring period was in effect for three years from the discharge date. You have fully met the requirements of the three-year post-discharge monitoring period and are no longer subject to further monitoring.

For your records, the following federal student loan or TEACH Grant was discharged on 03/21/2012:

| Holder Name | Holder Phone | Type | Date | Amount | School ID |
| --- | --- | --- | --- | --- | --- |
| TPD - Nelnet | (888)-303-7818 | Direct Consolidated Subsidized | 07/30/2009 | $0 | N/A |

WHAT YOU NEED TO KNOW:

We will continue to report your loan to consumer reporting agencies as discharged.

If you ever return to school, please note that you are not eligible to receive a new Direct Loan, Perkins Loan, or TEACH Grant in the future unless:

- You obtain a certification from a physician that you are able to engage in substantial gainful activity; and

- You sign a statement acknowledging that the new loan or TEACH Grant service obligation cannot be discharged in the future on the basis of any injury or illness present at the time the new loan or TEACH Grant is made, unless your condition substantially deteriorates so that you are again totally and permanently disabled.

HOW TO CONTACT US:

Written correspondence can be sent to:

U.S. Department of Education
P.O. Box 87130